UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRANCE PRUDE,
    Petitioner,

v.                                                           Case No. 24-cv-1039

GARY BOUGHTON,
    Respondent.

## ORDER

Petitioner Terrance Prude filed a motion in response to my October 31, 2025, order requesting that I stay his habeas case while he returns to state court to exhaust his *Graham* claim. He also asks that I reconsider certain findings in that order. For the reasons that follow, I will agree to stay this case while Prude returns to state court and deny his grounds for reconsideration.

A federal court may stay a habeas case containing unexhausted claims to allow the petitioner to return to state court and exhaust. I found that Prude's *Graham* claim was not exhausted, as there was an "'available' state court procedure through which to pursue his claims." *Weisheit v. Neal*, 151 F.4th 855, 869 (7th Cir. 2025) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). A stay is appropriate where there is good cause for petitioner's failure to exhaust earlier, a potentially meritorious claim, and no indication of "intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). I accept Prude's position that his failure to exhaust was based on an honest misunderstanding of state law, or disagreement with my interpretation of state law. I also find that his *Graham* argument is potentially meritorious and that he has not intentionally

delayed these proceedings, nor would he have any incentive to prolong his incarceration. Therefore, I find that a stay is warranted.

Prude also requests that I reconsider my decision finding that his *Graham* claim is unexhausted. He argues that his § 974.06 motion is likely futile because the state court will invoke *Escalona-Naranjo*, 185 Wis.2d. 168, 517 N.W.2d 157 (1994), and claim that he cannot not show a "sufficient reason" why his *Graham* argument could not have been raised earlier. Prude contends that *Escalona-Naranjo* is not an adequate state law remedy because he cannot identify any Wisconsin court that has found a "sufficient reason" outside of the ineffective-assistance-of-counsel context.

In general, a state law ground is "adequate" for federal habeas purposes if it is "firmly established and regularly followed." *Richardson v. Lemke*, 745 F.3d 258, 271 (7th Cir. 2014). I am bound by the Seventh Circuit which has repeatedly held that *Escalona-Naranjo*'s bar is an adequate and independent state law procedural ground. *See Whyte v. Winkleski*, 34 F.4th 617, 624 (7th Cir. 2022). The fact that Wisconsin courts infrequently (or perhaps never) find a non-IAC "sufficient reason" in § 974.06 cases is not necessarily proof that the remedy is inadequate. Presumably they would consider any sufficient external factor such as a retroactive change in applicable law or newly discovered *Brady* material that could not be obtained earlier.[1] *See Wainwright v. Sykes*, 433 U.S. 72, 97 (1977) (the federal habeas analogue to Wisconsin's *Escalona-Naranjo* which has been used in similar circumstances); *Liegakos v. Cooke*, 106 F.3d 1381, 1384 (7th Cir. 1997)

---

[1] Wisconsin provides other avenues for raising newly discovered evidence and retroactive changes in the law. *See* Wis. Stat. § 805.15 (newly discovered evidence); Wis. Stat. § 973.195 (change in law). This may explain the relative lack of non-IAC "sufficient reason" decisions under § 974.06. There is also a "survivorship bias" effect in the cases published on Westlaw, as petitioners with the most compelling circumstances would win in the Circuit Court and have no reason to appeal.

("The 'sufficient reason' standard is more generous to prisoners than the cause-and-prejudice standard [in *Wainwright v. Sykes*]."). Therefore, I must require that Prude exhaust his claim even if the outcome is likely to be a procedural default. While I understand his frustration with the *Escalona-Naranjo* doctrine, federal courts must give state courts the first shot at reviewing each particular issue. I cannot assume the state courts will apply *Escalona-Naranjo* and refuse to find a "sufficient reason" in Prude's circumstances. If they do, Prude can return and attempt to show "cause for, and prejudice stemming from," his procedural default. *Jannke v. Gierach*, No. 23-2485, 2025 WL 3204041, *3 (7th Cir. Nov. 17, 2025). As mentioned above, the cause-and-prejudice standard is, at least in theory, less generous than what Wisconsin courts offer. *Liegakos*, 106 F.3d at 1384.

Finally, Prude asks that I reconsider my finding that the state did not waive its exhaustion defense. As mentioned, 28 U.S.C. § 2254(b)(3) clearly states that the exhaustion cannot be waived unless the state expressly waives it. The Seventh Circuit enforces this rule strictly, even on appeal. *See Perruquet v. Briley*, 390 F.3d 505, 516 (7th Cir. 2004) (citing *Gonzales v. McKune*, 279 F.3d 922, 924 (10th Cir. 2022) (en banc) (exhaustion defense raised for the first time at oral arguments for en banc rehearing on appeal)). Therefore, my conclusion does not change.

For the reasons stated, **IT IS ORDERED** that this case is **STAYED** and held in abeyance while petitioner exhausts his claim in state court. Prude shall file his Wis. Stat. § 974.06 motion within 60 days of this order and give notice to this court within 30 days of those proceedings concluding.

**IT IS FURTHER ORDERED** that petitioner's motion to reconsider my October 31, 2025, order is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of December, 2025.

/s/ Lynn Adelman_____
LYNN ADELMAN
United States District Judge