**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**TERRANCE PRUDE,**
**Petitioner,**

**v.** **Case No. 24-cv-1039**

**GARY BOUGHTON,**
**Respondent.**

---

**ORDER**

On December 4, 2025, I stayed this habeas case to permit petitioner Terrance Prude to return to state court and exhaust his claim under *Graham v. Florida*, 560 U.S. 48 (2010), which contends that recently instituted policies of the Wisconsin Department of Corrections ("WDOC") and Wisconsin Parole Commission ("WPC") operate to effectively preclude him from receiving parole until after the end of his statistical life expectancy. Petitioner was ordered to file a motion pursuant to Wis. Stat. § 974.06 within 60 days, and then this deadline was extended to March 16, 2026. Finally, on July 8 and September 11, 2026, petitioner submitted filings related to his efforts to exhaust. To establish a clear record, I am ordering respondent to respond to petitioner's recent filings.

It is therefore **ORDERED** that the stay is **LIFTED** and this case will be administratively reopened.

**IT IS FURTHER ORDERED** that, pursuant to Rule 7(a) of the Rules Governing Section 2254 Cases, respondent is **DIRECTED** to supplement the record related to petitioner's recent efforts to exhaust his *Graham* claim in state court by **October 26, 2026**. By that date, respondent should also file documents reflecting current WDOC and WPC policies for evaluating petitioner for parole eligibility and release. Pursuant to Rule 7(c) of

the Rules Governing Section 2254 Cases, petitioner may file a response to these supplemental materials by **November 30, 2026**.

Dated at Milwaukee, Wisconsin, this 25th day of September, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge