**Josh Kaul**
**Attorney General**

**STATE OF WISCONSIN**
**DEPARTMENT OF JUSTICE**
**Division of Legal Services**

**Post Office Box 7857**
**Madison, WI 53707-7857**
**www.wisdoj.gov**

**Sonya K. Bice**
**Assistant Attorney General**
**Sonya.Bice@wisdoj.gov**
**608-266-3935**

October 26, 2026

The Hon. Lynn Adelman

United States District Court
Eastern District of Wisconsin
United States Federal Building and Courthouse
517 E. Wisconsin Ave.
Milwaukee, WI 53202

Re: *Prude v. Boughton*, 2:24-cv-1039

Dear Judge Adelman:

In a September 25, 2026, order (Dkt. 38), this Court directed the respondent in this case to supplement the record related to petitioner's recent efforts to exhaust his *Graham* claim in state court. Attached are petitioner's state court motions, dated March 2, 2026, and the state court order, dated March 9, 2026, denying the motions. Petitioner's counsel has also filed the state court's order. (Dkt. 41-1.) The statutory deadline set by Wis. Stat. §808.04(1) for appeal of the denial of the motion ran June 8, 2026, 90 days after the entry of the order.

In the same order, the respondent was directed to file documents reflecting current policies of the Wisconsin Department of Corrections and the Wisconsin Parole Commission for evaluating the petitioner for parole eligibility and releases. Undersigned counsel attaches Parole Commission DOC-1204 and the Parole Policy 300.00.22, obtained from DOC's legal counsel. The public-facing website of the Wisconsin Parole Commission provides the following information under the heading "Criteria for Parole":

Each case is measured on an individual basis and parole consideration is based on the following criteria:

- Reached their Parole Eligibility Date.
- Served sufficient time for punishment so as not to depreciate the severity of their offending behaviors.
- Maintained positive institutional adjustment.
- Completed assessed program needs with maximum benefit achieved.
- Completed and submitted a workable parole plan, which offers the inmate a realistic opportunity for a stable residence, employment, and programming, if needed.
- Reduced his / her level of risk to the public. This can be measured by considering his / her past criminal record, the institutional conduct record, prior probation and parole violations / revocations, security classification history, and if there are any unmet treatment or program's needs.

Also considered is information contained in the institution case file, the actual interview, and correspondence received both for and against release on discretionary parole.

Wisconsin Parole Commission website, https://doc.wi.gov/Pages/AboutDOC/ParoleCommission.aspx (last visited October 24, 2026).

Respectfully submitted,

s/ Sonya K. Bice
SONYA K. BICE

Assistant Attorney General
State Bar #1058115

Attachments:

Terrance D. Prude March 2, 2026, state court motion to challenge sentence
Terrance D. Prude March 2, 2026, state court motion in support of judicial notice
Milwaukee County Circuit Court March 9, 2026, order denying Prude's motions
Parole Commission DOC-1204
Parole Policy 300.00.22